## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **AKHTAR HOUSING GROUP, LLC** | § | |
| **JEFF J. AKHTAR,  AND GURINDA** | § | |
| **AKHTAR** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | C.A. No. _____ |
| **GLENN JOHNSON THE MAYOR OF** | § | |
| **PORT NECHES, AND CHRIS MCMAHON,** | § | |
| **IN HIS OFFICIAL CAPACITY, ADAM** | § | |
| **ANDERS, IN HIS OFFICIAL CAPACITY** | § | |
| **JOHN DAVENPORT, IN HIS OFFICIAL** | § | |
| **CAPACITY, ROBERT ARNOLD, IN** | § | |
| **HIS OFFICIAL CAPACITY, AND JULIE** | § | |
| **GAUTHIER, IN HER OFFICIAL CAPCITY** | § | |
| **AND THE CITY OF PORT** | § | |
| **NECHES, TEXAS,** | § | |
| *Defendants* | § | |

### PLAINTIFF'S ORIGINAL PETITION AND ORIGINAL PEITTION FOR DECLARATORY AND DEMAND FOR JURY TRIAL, AND REQUEST FOR DISCLOSURES

COMES NOW, **AKHTAR HOUSING GROUP, LLC, JEFF S. AKHTAR**, **AND GURINDA AKHTAR** and files this his Original Petition and Original Petition for Declaratory and Injunctive Relief, Demand for Jury Trial, and Request for Disclosures, against Glen Johnson, The Mayor ("Mayor Johnson"), Chris McMahon, "McMahon"), Adam Anders ("Anders"), John Davenport ("Davenport"), Robert Arnold ("Arnold") and Julie Gauthier ("Gauthier") and the City of Port Neches, the Defendants and would respectfully show the following:

### I.  PRELIMINARY STATEMENT

On or about September 9, 2015  Plaintiff **AKHTAR HOUSING GROUP, LLC** purchased

land with an address of 3031 8th Street, Port Neches, Texas.   Plaintiff purchased the property with the intent of constructing a Residential-Multi Family Apartment Complex.    The complex would be 4 buildings with building one to have 16 units, second building would contain 42 units, third building would contain 33 unites and the fourth building would have 49 units.   Total number of units would be 140.   The appropriate requests and applications were presented to the Zoning Board of Adjustments ("ZBA") requesting three variances.   The variances were approved on Monday November 9, 2015, with confirmation letter being mailed on November 12, 2015.   Immediately upon being granted the three variances, Plaintiff was approached by a citizen of Port Neches, Texas who said that Plaintiff and his "kind" would not be allowed to build in Port Neches, Texas and that he knew the Mayor and would stop the construction. Shortly thereafter, the three variances were withdrawn by Mayor Johnson and Mayor Johnson filed a lawsuit against the ZBA.   Plaintiff attempted to intervene and was denied.    This lawsuit is being filed for a Declaratory Judgment on the granting of the variances as well as for discrimination and official oppression, and requesting an injunction to stop the Defendants, individually and jointly, from forbidding Plaintiffs from constructing the apartment complex approved.

## II. JURISDICTION

1. This Complaint arises pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 42 U.S. Code §1983 civil action for deprivation of rights, as well as Tex.Gov't Code Ann Section 614.023.  Plaintiffs also bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2)   The Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction under 28 U.S.C. §

1332, as the amount in controversy exceeds $75,000. The Court also has jurisdiction under 18 U.S.C. § 245 makes it unlawful to willfully injure, intimidate or interfere with any person, or to attempt to do so, by force or threat of force, because of that other person's race, color, religion or national origin and because of his/her activity

## II. PARTIES

2.  Plaintiff, **JEFF J. AKHTAR and GURINDA AKHTAR**, are United States citizen who resides in Jefferson, Texas.

3.  Plaintiff, **AKHTAR HOUSING GROUP, LLC**, is a Limited Liability Corporation authorized to do business in the State of Texas. It is the owner of the property made the basis of this lawsuit and located at 3031 8th Street, Port Neches, Texas.

4.  Defendant, **GLEN JOHNSON,** is the Mayor of Port Neches and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

5.  Defendant, **CHRIS MCMAHON,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

6.  Defendant, **ADAM ANDERS,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

7.  Defendant, **JOHN DAVENPORT,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

8.  Defendant, **ROBERT ARNOLD,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this

time.

9.   Defendant, **JULIE GAUTHIER,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

## III. FACTS

**Nature of the Action:**

5.   This suit is regarding the discriminatory conduct of Defendants in their capacities as set forth herein by rescinding an approval that was previously granted by the ZBA to Plaintiff **AKHTAR HOUSING GROUP, LLC** to construct a 140-unit apartment complex consisting of three stories and to be placed on the property with the legal description of PT. of Lot 5, Block 14,  Range R, Lands of Port Arthur Land Company, Jefferson County, Texas, with a physical address of 3031 8th Street, Port Neches, Texas.

**Granting of Three Zoning Variances**

6.   On September 9, 2015 AKHTAR HOUSING GROUP, LLC purchased the property with the legal description of PT. of Lot 5, Block 14,  Range R, Lands of Port Arthur Land Company, Jefferson County, Texas, with a physical address of 3031 8th Street, Port Neches, Texas.

7.   This property was purchased as a commercial property in which Plaintiffs could construct a 140 unit apartment complex in the City of Port Neches, where Plaintiffs already owned an apartment complex, having purchase the existing complex and remodeled the same.

8.   Plaintiffs consulted with various offers of the City of Port Neches as to the feasibility of constructing such a project on a large vacant piece of property located in the City of Port Neches.   The ZBA assured Plaintiffs that such property was properly zoned for multi-family housing and assured that the building permits and variances would not be a problem.     In

*Original Petition and Declaratory Judgment*

fact, it was a City of Port Neches employee that suggested constructing a 140 unit complex. Plaintiffs submitted a request for three Zoning Variances for a three story, 140 unit complex.

9.   The request for 140 unit apartment complex consisting of three stories was critical to the project in that the property which was purchased by Plaintiffs.   The surrounding area to the complex was unsightly, including a mobile home park of which the complex would shield from view.   After having received various assurances, including an easement across the property taking away a 50' strip of the property on which no construction could be done. Lack of density to a two-story structure would in all likelihood make the project unfeasible as to a cash flow to service the investment made in the vacant property.

10.   The configuration of the property with easements would have made it virtually impossible for Plaintiffs to construct a property in keeping with the quality of the surrounding residences and avoid accusations of creating an unsightly commercial venture within the city limits of the City of Port Neches.

11.   After filing the necessary documents with the ZBA of the City of Port Neches requesting a variance, Plaintiffs did as instructed by various members of the ZBA to consult with other officers of the City of such as the City Fire Chief and others as to whether or not construction of the apartment complex as described by him was feasible and proper.   After having multiple meetings with the ZBA, the zoning variances were approved.   (See Exhibits A-C)

12.   According to the rules for the zoning ZBA the neighboring land owners were notified of the hearing on or about November 9, 2016 and there were no objections, no protests and no petitions signed and presented in opposition to Plaintiffs' zoning requests.

*Original Petition and Declaratory Judgment*

The ZBA granted the variances at the noticed meeting after taking testimony, allowing the construction of the three story apartment complex, with 140 units.

13.     After the approval of November 9, 2016, the action of the ZBA became public and the above named Defendants contacted the ZBA in an effort to rescind the variances granted to the Plaintiffs.

14.     The Defendants convened in a session to consider the matter of the variance which had been granted to Plaintiffs and at such hearing numerous protestors gather, some of whom communicated to Plaintiffs that they would stop them from building the apartment complex as he did not want Muslims in their community.  They further stated he knew the Mayor and would stop them from being in their community and that no Muslim would own apartment property in the City of Port Neches.   They threatened Plaintiffs Jeff Akhtar and Gurinda Akhtar.

15.     Shortly thereafter, the Defendants, City Counsel, took action to file suit against the ZBA in order to attempt to set aside the action of the board which was lawfully done and pursuant to the zoning ordinances.  Said lawsuit is still pending.

16.     The ZBA issued the variances in accordance with the requisite rules, laws and regulations.     The Defendants are acting with maliciously, and with the intent to harm Plaintiffs.

17.     Plaintiffs have performed all conditions precedent and are ready, willing, and able to perform each and every obligation imposed by the zoning variances and to perform any equitable acts as this Honorable Court deems necessary.

## IV.  <u>CAUSES OF ACTION</u>

<u>*Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202*</u>

18.    Plaintiffs incorporate by reference all paragraphs above as if set forth fully herein.

19.    An actual and substantial controversy exists between Plaintiffs and Defendants over the approval of requested variances by Plaintiffs.

20.    Plaintiffs have been approved to construct the requested multi-family apartment complex containing 140 units in three story buildings.    Said variances were approved but Defendants have filed suit stopping said construction costing Plaintiffs substantial income as the construction has not been started in the past year though it was duly approved.

21.    Declaratory Relief will clarify the rights and obligations of the parties and is, therefore, appropriate to resolve this controversy.   Further Declaratory Relief will allow the approval by the ZBA to stand and allow Plaintiffs to start construction.

22.    Plaintiffs have satisfied all its obligations and any conditions precedent to receive the approval by the ZBA for the zoning variances.

 _42 U.S. Code §1983- Deprivation of Rights and Texas Government Code Section 614.023._

23.    Plaintiffs incorporate all of the previous paragraphs as if set forth fully herein.

24.    Defendants violated Plaintiffs constitutional rights as the three zoning variances for the Plaintiffs' multifamily apartment complex including three story buildings with a total of 140 units were duly and legally approved by the ZBA.    Defendants then did attempt to rescind the approval, filing a lawsuit based upon racially motivated threats by residents of the City of Port Neches, without proper cause.   Defendants in their official capacity did go to the ZBA demanding that the variances be rescinded and when that did not happen they filed a lawsuit against the ZBA stopping the construction of the approved multi-family apartment complex.

25.    Defendants had no ground within the applicable laws, rules and regulations followed by the ZBA to request that variances be rescinded, as all variances were legally approved.

*Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq*

24.   Plaintiffs incorporate all of the previous paragraphs as if set forth fully herein.

25 . The Defendant's conduct as alleged at length herein constitutes discrimination based on race, and religion, in violation of Title VII. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

26.   It is a federal crime to injure, threaten, or intimidate people because of their religion in order to interfere with their exercise of federally guaranteed rights, such as the purchase or rental of a home, patronage of public accommodations such as restaurants and theaters, use of public parks and other facilities, attendance at a school or college, or participation in government programs. Defendants are doing just this by attempting to rescind the approved variances for the three story 140 unit apartment complex.

*Actual Damages*.

27. Plaintiffs incorporate all of the previous paragraphs as if set forth fully herein.

28.   The actions of Defendants have cost Plaintiffs actual damages in excess of $75,000.00 as the multi-family apartment complex has not yet been able to be construct and therefore the income that said complex would produce is not being received.   The average rent would be approximately $900, for 140 units would be $160,000 per month, for each month that the complex is not able to be constructed.

29.   Defendants should be ordered to pay all actual damages incurred as a result of their actions in stopping the construction.

*Punitive Damages*

27. Plaintiffs incorporate all of the previous paragraphs as if set forth fully herein.

28.   The actions of Defendants are acting in bad faith causing excessive damages to Plaintiffs.

29.   Defendants should be punished in an amount to stop such bad faith actions.

## V. ATTORNEY'S FEES

Plaintiffs have incurred attorney's fees in pursing this matter.

## VI.   PRAYER

Plaintiffs pray that Defendants be cited to appear and answer the allegations contained in this Petition and that Plaintiffs have a declaratory judgment issued affirming the approved variances for the construction of the multifamily apartment complex, judgment for the discriminatory actions of the Defendants in their official capacity,  judgment for actual damages against Defendant in an amount determined by a jury, punitive damages, pre and post judgment interest, recover costs of suit, attorney's fees and be awarded other and further relief that is necessary and property in the premises.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By:  */s/Colleen M. McClure*
COLLEEN M. MCCLURE
Texas bar No. 24012121
4201 Cypress Creek Parkway, Suite 565
Houston, Texas, 77068

*Original Petition and Declaratory Judgment*

Tel. (281) 440-1625
Fax. (281) 440-1693
colleen.mcclure@att.net

ATTORNEY FOR PLAINTIFFS

*Original Petition and Declaratory Judgment*