IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AKHTAR HOUSING GROUP, LLC § | |
| JEFF S. AKHTAR, AND GURINDA § | |
| AKHTAR § | |
| *Plaintiff* § | |
| § | |
| v. § | C.A. No. 1:16-Cv-00456-MAC |
| GLENN JOHNSON THE MAYOR OF § | |
| PORT NECHES, AND CHRIS MCMAHON, § | |
| ADAM, ANDERS, JOHN DAVENPORT, § | |
| ROBERT ARNOLD, AND JULIE § | |
| GAUTHIER, AND THE CITY OF PORT § | |
| NECHES, TEXAS, § | |
| *Defendants* § | |

**PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW, **AKHTAR HOUSING GROUP, LLC, JEFF S. AKHTAR**, AND **GURINDA AKHTAR** and files this his First Amended Petition, against Glen Johnson, The Mayor ("Mayor Johnson"), Chris McMahon, "McMahon"), Adam Anders ("Anders"), John Davenport ("Davenport"), Robert Arnold ("Arnold") and Julie Gauthier ("Gauthier") and the City of Port Neches, the Defendants and would respectfully show the following:

**I. PRELIMINARY STATEMENT**

On or about September 9, 2015 Plaintiff **AKHTAR HOUSING GROUP, LLC** purchased land with an address of 3031 8th Street, Port Neches, Texas.  Plaintiff purchased the property with the intent of constructing a Residential-Multi Family Apartment Complex.   The complex would be 4 buildings with building one to have 16 units, second building would contain 42 units, third building would contain 33 unites and the fourth building would have 49 units.  Total number of units would be 140.  The appropriate requests and applications

were presented to the Zoning Board of Adjustments ("ZBA") requesting three variances. The variances were approved on Monday November 9, 2015, with confirmation letter being mailed on November 12, 2015. Immediately upon being granted the three variances, Plaintiff was approached by a citizen of Port Neches, Texas who said that Plaintiff and his "kind" would not be allowed to build in Port Neches, Texas and that he knew the Mayor and would stop the construction. Shortly thereafter, the three variances were withdrawn by Mayor Johnson and Mayor Johnson filed a lawsuit against the ZBA. Plaintiff attempted to intervene and was denied. This lawsuit is being filed for discrimination.

## II. JURISDICTION

1. This Complaint arises pursuant to the 42 U.S. Code §1983 civil action for deprivation of rights. Plaintiffs also bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2)  The Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Court also has jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000. The Court also has jurisdiction under 18 U.S.C. § 245 makes it unlawful to willfully injure, intimidate or interfere with any person, or to attempt to do so, by force or threat of force, because of that other person's race, color, religion or national origin and because of his/her activity

## II. PARTIES

2. Plaintiff, **JEFF S. AKHTAR and GURINDA AKHTAR**, are United States citizen who resides in Orange, Texas.

3. Plaintiff, **AKHTAR HOUSING GROUP, LLC**, is a Limited Liability Corporation authorized to do business in the State of Texas. It is the owner of the property made the basis of this lawsuit and located at 3031 8th Street, Port Neches, Texas.

4. Defendant, **GLEN JOHNSON,** is the Mayor of Port Neches and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

5. Defendant, **CHRIS MCMAHON,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

6. Defendant, **ADAM ANDERS,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

7. Defendant, **JOHN DAVENPORT,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

8. Defendant, **ROBERT ARNOLD,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

9. Defendant, **JULIE GAUTHIER,** is a city councilmember and may be served at his office located at 1005 Merriman Street, Port Neches, Texas 77651. Citation is requested at this time.

### III. FACTS

**Nature of the Action:**

10. This suit is regarding the discriminatory conduct of Defendants in their capacities as set forth herein by rescinding an approval that was previously granted by the ZBA to

Plaintiff **AKHTAR HOUSING GROUP, LLC** to construct a 140-unit apartment complex consisting of three stories and to be placed on the property with the legal description of PT. of Lot 5, Block 14, Range R, Lands of Port Arthur Land Company, Jefferson County, Texas, with a physical address of 3031 8th Street, Port Neches, Texas.

**Granting of Three Zoning Variances**

11. On September 9, 2015 AKHTAR HOUSING GROUP, LLC purchased the property with the legal description of PT. of Lot 5, Block 14, Range R, Lands of Port Arthur Land Company, Jefferson County, Texas, with a physical address of 3031 8th Street, Port Neches, Texas.

12. This property was purchased as a commercial property in which Plaintiffs could construct a 140-unit apartment complex in the City of Port Neches, where Plaintiffs already owned an apartment complex, having purchase the existing complex and remodeled the same.

13. Plaintiffs consulted with various offers of the City of Port Neches as to the feasibility of constructing such a project on a large vacant piece of property located in the City of Port Neches. The ZBA assured Plaintiffs that such property was properly zoned for multi-family housing and assured that the building permits and variances would not be a problem. In fact, it was a City of Port Neches employee that suggested constructing a 140-unit complex. Plaintiffs submitted a request for three Zoning Variances for a three story, 140-unit complex.

14. The request for 140-unit apartment complex consisting of three stories was critical to the project in that the property which was purchased by Plaintiffs. The surrounding area to the complex was unsightly, including a mobile home park of which the complex would shield from view. After having received various assurances, including an easement across the property taking away a 50' strip of the property on which no construction could be done.

Lack of density to a two-story structure would in all likelihood make the project unfeasible as to a cash flow to service the investment made in the vacant property.

15. The configuration of the property with easements would have made it virtually impossible for Plaintiffs to construct a property in keeping with the quality of the surrounding residences and avoid accusations of creating an unsightly commercial venture within the city limits of the City of Port Neches.

16. After filing the necessary documents with the ZBA of the City of Port Neches requesting a variance, Plaintiffs did as instructed by various members of the ZBA to consult with other officers of the City of such as the City Fire Chief and others as to whether or not construction of the apartment complex as described by him was feasible and proper. After having multiple meetings with the ZBA, including a hearing open to the public, the zoning variances were approved. (See Exhibits A-C) The ZBA board had been handling zoning for the City or Port Neches for many years and were well versed and experienced on their approvals pursuant to the codes.

17. According to the rules for the zoning ZBA the neighboring land owners were notified of the hearing on or about November 9, 2016 and there were no objections, no protests and no petitions signed and presented in opposition to Plaintiffs' zoning requests, including from the Mayor, City Counsel or any individual resident. The ZBA granted the variances at the noticed meeting after taking testimony, allowing the construction of the three-story apartment complex, with 140 units.

18. After the approval of November 9, 2016, the action of the ZBA became public and the above-named Defendants contacted the ZBA in an effort to rescind the variances granted to the Plaintiffs. Immediately following the hearing on November 9, 2016 of the ZBA.

19.    The Defendants convened in a session to consider the matter of the variance which had already been granted to Plaintiffs and at such hearing numerous protestors gather, some of whom communicated to Plaintiffs that they would stop them from building the apartment complex reiterating that they did not want Muslims in their community.  Plaintiff Jeff Akhtar and his wife were verbally assaulted outside the meeting with threats that "their kind" would not be allowed to build the apartment complex and that "no Muslim" would own any property in Port Neches.  The threats continued with statements that these individuals knew the Mayor and would get him to stop this project.   Plaintiffs' remained silent as they had been granted their variance for the project.  They had complied with all request made by the ZBA prior to receiving the approval.   It was shortly after this encounter that steps were taken to rescind the approval by the ZBA.

20.    The threats were acted upon by the Mayor, City Counsel as is seen in the filing of the petition to rescind the approved variances granted to Plaintiffs.  Shortly after the meeting where Plaintiffs were attached merely for being Muslim, the Defendants, City Counsel, took action to file suit against the ZBA in order to attempt to set aside the action of the board which was lawfully done and pursuant to the zoning ordinances.   This lawsuit was precipitated by the desire not to have "Muslims" in their community.   Plaintiffs attempted to intervene in the lawsuit but due to lack of standing their complaint was dismissed.

21.    The ZBA issued the variances in accordance with the requisite rules, laws and regulations.   The Defendants are acting with maliciously, and with the intent to harm Plaintiffs.    There are no grounds upon which to deny the project approved.   The Defendants have attempted to propose compromises, but the loss of income to the Plaintiffs will be substantial.   Plaintiffs purchased the property for an excessive price of $800,000.00.

22. Plaintiffs have performed all conditions precedent and are ready, willing, and able to perform each and every obligation imposed by the zoning variances and to perform any equitable acts as this Honorable Court deems necessary.

### IV.  CAUSES OF ACTION

*Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq*

23. Plaintiffs incorporate all of the previous paragraphs as if set forth fully herein.

24. The Defendant's conduct as alleged at length herein constitutes discrimination based on race, and religion, in violation of Title VII. The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretext to hide the Defendants' discriminatory animus.

25. It is a federal crime to injure, threaten, or intimidate people because of their religion in order to interfere with their exercise of federally guaranteed rights, such as the purchase or rental of a home, patronage of public accommodations such as restaurants and theaters, use of public parks and other facilities, attendance at a school or college, or participation in government programs. Defendants are doing just this by the actions taken in filing the lawsuit and having the granted variances rescinded for the three story 140 unit apartment complex.

*Actual Damages*.

26. Plaintiffs incorporate all of the previous paragraphs as if set forth fully herein.

27. The actions of Defendants have cost Plaintiffs actual damages in excess of $75,000.00 as the multi-family apartment complex has not yet been able to be construct and therefore the income that said complex would produce is not being received.  The average

rent would be approximately $900, for 140 units would be $160,000 per month, for each month that the complex is not able to be constructed.

28. Defendants should be ordered to pay all actual damages incurred as a result of their actions in stopping the construction.

## V. ATTORNEY'S FEES

Plaintiffs have incurred attorney's fees in pursing this matter.

## VI. PRAYER

Plaintiffs pray that Defendants be cited to appear and answer the allegations contained in this Petition and for actual damages against Defendant in an amount determined by a jury, punitive damages, pre and post judgment interest, recover costs of suit, attorney's fees and be awarded other and further relief that is necessary and property in the premises.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By: */s/Colleen M. McClure*
COLLEEN M. MCCLURE
Texas bar No. 24012121
4201 Cypress Creek Parkway, Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625
Fax. (281) 440-1693
colleen.mcclure@att.net

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE AND CONFERENCE

  This is to certify that true and correct copy of the foregoing pleading has been furnished to Defendant's counsel of record in accordance with the Federal Rules of Civil Procedure, this 1st day of March, 2017 and emailed to him for conference to see if he agrees to the same and no response has been made.

*s/Colleen M. McClure*
Colleen M. McClure

Frank D. Calvert
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702