**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JEFF J. AKHTAR, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:16-CV-456 |
| | § | |
| GLENN JOHNSON, *Mayor of Port Neches*, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendants' 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (#11), in which Defendants seek to dismiss Plaintiffs' First Amended Complaint (#9) for failure to state a claim.[1] After considering the motion, the submissions of the parties, and the applicable law, the court is of the opinion that Defendants' motion should be granted in part and conditionally granted in part.

I. Background

Plaintiff Akhtar Housing Group, LLC ("Akhtar Housing") is owned by Plaintiffs Jeff J. Akhtar and Gurinda Akhtar (collectively, the "Akhtars"). On September 9, 2015, Plaintiffs purchased a parcel of real property located at 3031 8th Street, in Port Neches, Texas, with the intent of developing a residential, multi-family apartment complex.[2] The proposed complex was

[1] Plaintiffs mistakenly labeled their pleading as a "Petition," rather than a "Complaint." The court will use the correct terminology.

[2] The legal description of the property is "PT. of Lot 5, Block 14, Range R, Lands of Port Arthur Land Company, Jefferson County, Texas."

to include four buildings containing a total of 140 units.[3] Prior to the purchase, the Zoning Board of Adjustment for the City of Port Neches (the "ZBA") purportedly "assured Plaintiffs that the land was properly zoned for multi-family housing and assured that the building permits and variances would not be a problem." Plaintiffs owned another apartment complex in Port Neches at the time of the purchase, and, according to Plaintiffs, a City of Port Neches employee suggested a 140-unit complex.

Subsequently, Plaintiffs presented the ZBA with the appropriate requests and applications to construct a three-story, 140-unit complex and requested three zoning variances. Specifically, Plaintiffs sought: (1) a variance increasing the unit density from the maximum number of 18 units/acre to 23.7 units/acre; (2) a variance increasing the maximum number of units under one roof from 12 to a range of 16 to 49; and (3) a variance increasing the maximum height of buildings and structures from two stories to three stories. *See* Port Neches, Tex., ORDINANCES §§ 126.4.5.1., 126.4.5.2.(a), 126.4.5.4.(a) (2000) (hereinafter "ORDINANCES" or "the City Code"). According to Plaintiffs, these variances were critical to the overall project and development of the property.

Pursuant to the rules of the ZBA, neighboring landowners were given notice of a hearing scheduled for November 9, 2015, to address the variance requests. *See* ORDINANCES § 126.6.3.2. On Monday, November 9, 2015, the ZBA held the hearing, and no objections, protests, or petitions were presented in opposition to the variances. The ZBA then approved the three

[3] The buildings would contain 16 units, 42 units, 33 units, and 49 units, respectively.

requested variances. Letters indicating that the variances were approved were mailed on November 12, 2015. *See* Doc. No. 1-1, *Letters Granting Variances*.[4]

After the variances were granted and became public, Plaintiffs allege that Defendants contacted the ZBA and attempted to have the variances rescinded. Defendants then convened a session of the Port Neches City Council to address the variances. Numerous protestors gathered at this session, some of whom communicated that they wanted to stop the Akhtars from building the complex because they did not want Muslims in their community. The protestors purportedly verbally assaulted the Akhtars as well. These unnamed protestors allegedly told the Akhtars that their "kind"—presumably referring to the Akhtars' Muslim faith or heritage—would not be allowed to build or own property in Port Neches. Further, some of the protestors indicated that they knew Port Neches Mayor Glenn Johnson ("Mayor Johnson") and that they would get Mayor Johnson to stop any construction.

After the hearing, Mayor Johnson, along with all the other members of the Port Neches City Council, attempted to withdraw the three variances and sued the ZBA seeking to have the variances rescinded and the action of the ZBA set aside. *See The Mayor and Members of the City Council of the City of Port Neches, Tex. v. The Zoning Board of Adjustment of the City of Port Neches and Its Members in Their Representative Capacities*, No. 0128630 (Co. Ct. at Law No. 1, Jefferson County, Tex. Nov. 15, 2016).[5] According to Plaintiffs, they attempted to intervene in the lawsuit, but were denied leave to do so by the state court.

[4] In their complaint, Plaintiffs refer to three variances and Exhibits A, B, and C as the letters granting the variances; however, only Exhibits A and B are attached. Nevertheless, Plaintiffs have pleaded and Defendants have acknowledged that three variances were issued originally by the ZBA.

[5] A copy of the state court's final judgment was provided as Exhibit A to Defendants' prior motion to dismiss. *See* Doc No. 4-1.

On November 15, 2016, the state court issued its final judgment, finding that the ZBA abused its discretion in granting Plaintiffs the three variances because the variances were contrary to the plain language and requirements of the City Code. *Id.* Specifically, the state court ruled that the ZBA violated the City Code by issuing the three variances because Plaintiffs failed to make the required showing that there would be an unnecessary hardship if the variances were not granted. *Id.*; *see* ORDINANCES §§ 126.6.4.1. Further, the state court noted that the ZBA granted the variances "without reference to the applicable criteria and standards" and the decision "constitut[ed] an abuse of discretion, was arbitrary and capricious, is otherwise wrongful, invalid[,] and unenforceable, and should be reversed." *Id.* Ultimately, the state court ordered the ZBA to rescind the three variances. *Id.*

Plaintiffs filed the instant action on November 4, 2016, prior to the state court's entry of a final judgment. Defendants filed a motion to dismiss (#6) Plaintiffs' original complaint on January 25, 2017. Subsequently, on March 1, 2017, Plaintiffs filed their Motion for Leave to File First Amended Complaint (#6), which Defendants did not oppose. Accordingly, the court issued an order (#8) granting Plaintiffs leave to file their amended complaint.[6]

In their amended complaint, Plaintiffs generally assert "discrimination." In the section of their complaint labeled "Jurisdiction," Plaintiffs contend that this action arises out of 42 U.S.C. § 1983, alleging a deprivation of their civil rights. Plaintiffs also plead that this action is being brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e1-2000e17 ("Title VII"); the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2) ("CSRA"); the Equal

[6] Plaintiffs removed several causes of action and claims that were present in their original complaint and were the basis of Defendants' initial motion to dismiss.

Protection Clause of the Fourteenth Amendment to the United States Constitution; and 18 U.S.C. § 245, a criminal statute. Nevertheless, in the "Causes of Action" section of their amended complaint, Plaintiffs assert only a claim for violation of Title VII. Plaintiffs list as defendants: the City of Port Neches; Mayor Johnson; and City Councilmembers Chris McMahon, Adam Anders, John Davenport, Robert Arnold, and Julie Gautiner (the "City Councilmembers").

On March 10, 2017, Defendants filed the instant motion. Initially, Defendants seek to dismiss Plaintiffs' official capacity claims against Mayor Johnson and the City Councilmembers in favor of the real party in interest, the City of Port Neches. Next, Defendants seek to dismiss Plaintiffs' Title VII, CSRA, 18 U.S.C. § 245, and § 1983 (equal protection) claims based on Plaintiffs' failure to plead facts sufficient to support their claims under those statutes. Plaintiffs elected not to file a response to the motion to dismiss.

## II. Discussion

### A. Dismissal for Failure to State a Claim Under Rule 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests only the formal sufficiency of the statement of a claim for relief and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). It is not a procedure for resolving contests about the facts or the merits of a case. *See* 5B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004 & Supp. 2015). In ruling on such a motion, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974),

*abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Warren v. Chesapeake Expl., L.L.C.*, 759 F.3d 413, 415 (5th Cir. 2014); *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (noting that at the 12(b)(6) stage, the court must construe all facts in favor of the non-moving party); *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.), *cert. denied*, 133 S. Ct. 32 (2012). Nevertheless, "the plaintiff's complaint [must] be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged." *Ramming*, 281 F.3d at 161 (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord In re La. Crawfish Producers*, 772 F.3d 1026, 1029 (5th Cir. 2014); *Gibson v. Tex. Dep't. of Ins.–Div. of Workers' Comp.*, 700 F.3d 227, 233 (5th Cir. 2012).

Generally, the court may not look beyond the four corners of the plaintiff's pleadings. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see Wilson*, 667 F.3d at 595. The court may, however, consider matters that are outside the pleadings if those materials are matters of public record. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). Further, the court may consider "documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Moreover, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (citing *Hishon v. King*

*& Spalding*, 467 U.S. 69 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 563).

"[A] motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *accord Leal*, 731 F.3d at 410. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)); *accord Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (noting that at the 12(b)(6) stage the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success"); *Leal*, 731 F.3d at 410. "In other words, a motion to dismiss an action for failure to state a claim 'admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.'" *Ramming*, 281 F.3d at 161-62 (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)).

A Rule 12(b)(6) motion to dismiss must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. Accordingly, a district court should not dismiss a complaint for failure to state a claim unless a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *accord Leal*, 731 F.3d at 410; *Wilson*, 667 F.3d at 595; *Turner*, 663 F.3d at 775; *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Thompson*, 764 F.3d at 503; *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *Gibson*, 700 F.3d at 233. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In other words, to state a cognizable cause of action, the complaint must allege sufficient facts to "nudge" the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Leal*, 731 F.3d at 410. Generally, at the 12(b)(6) stage, a plaintiff is simply required to inform the defendant(s) of the factual basis of his or her complaint in order to avoid dismissal for failure to state a claim. *See Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346-47 (2014) (per curiam) (citing FED. RULE CIV. P. 8(a)(2)); *Groden v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016).

B. Official Capacity Claims

Plaintiffs have sued Mayor Johnson and the City Councilmembers in their official capacities only.[7] The Supreme Court of the United States has made clear that "a suit against a public servant 'in his official capacity' imposes liability on the entity that he represents . . . ." *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). "[O]fficial-capacity lawsuits are typically an alternative means of pleading an action against the governmental entity involved." *Floyd v. City*

[7] Based on their amended complaint, it does not appear that Plaintiffs are suing Mayor Johnson and the City Councilmembers in their individual capacities. In fact, in the "Parties" section of the amended complaint, these individuals are listed solely in their official capacities.

*of Kenner*, 351 F. App'x 890, 893 n.2 (5th Cir. 2009) (quoting *Baker*, 75 F.3d at 195); *see McMillian v. Monroe Cty.*, 520 U.S. 781, 785 n.2 (1997); *Culbertson v. Lykos*, 790 F.3d 608, 623 (5th Cir. 2015) ("An official-capacity lawsuit is 'only another way of pleading an action against the entity of which the officer is an agent.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). In other words, "[a] suit against [an official] in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see Printz v. United States*, 521 U.S. 898, 930-31 (1997); *Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014). Therefore, because the City of Port Neches was named and served as a defendant in this case, Plaintiffs' claims against Mayor Johnson and the City Councilmembers in their official capacities are redundant and are of no independent legal significance. Accordingly, Plaintiffs' official capacity claims against Mayor Johnson and the City Councilmembers are DISMISSED.

C. Title VII Claims

Plaintiffs allege racial and religious discrimination in violation of Title VII. Generally, Title VII prohibits employers and prospective employers from engaging in employment discrimination. *See, e.g.*, *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 56 (2006); *see also* 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). Here, Plaintiffs have pleaded no facts indicating the existence of an employment or prospective employment relationship between themselves and

the City of Port Neches. Thus, Title VII is inapplicable, and Plaintiffs' Title VII claims must be DISMISSED.[8]

D. CSRA Claims

The CSRA primarily addresses collective bargaining issues between federal civil service employees and the federal government and its agencies. *See* 5 U.S.C. § 7101. Here, Plaintiffs indicate that their claims are being brought under 5 U.S.C. § 7703(b)(2), which addresses the judicial review of decisions of the Merits System Protection Board.[9] Plaintiffs have failed to plead any facts indicating an employment or prospective employment relationship between themselves and the federal government or any applicable decision by the Merits System Protection Board. In fact, no federal government agency is even mentioned or named as a defendant in this case. Accordingly Plaintiffs' claims under the CSRA are DISMISSED.

---

[8] Because Title VII claims can be asserted only against an "employer," any potential Title VII claim against Mayor Johnson and the City Councilmembers in their individual capacities necessarily fails. *See Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir.), *mandamus denied*, 133 S. Ct. 445 (2012) ("[T]here is no individual liability for employees under Title VII.") (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)).

[9] Specifically, 5 U.S.C. § 7703(b)(2) provides:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

Even if this provision were somehow applicable, as noted above, Plaintiffs have failed to state a viable Title VII claim.

E. 18 U.S.C. § 245 Claims

Plaintiffs also indicate that this suit in being brought under 18 U.S.C. § 245, a federal criminal statute addressing interference with certain federally protected activities.[10] Federal courts have been quite reluctant to imply the existence of a private right of action from a criminal prohibition alone. *See Cen. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *Doyon v. United States*, No. A-07-CA-977-SS, 2008 WL 2626837, at *4 (W.D. Tex. June 26, 2008). The Supreme Court has refused to infer a private right of action from "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone." *Cort v. Ash*, 422 U.S. 66, 80 (1975); *see Cen. Bank of Denver,* 511 U.S. at 190; *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000); *Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097, 1099 (D. Colo. 1986). In other words, "private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action." *Saleem v. Helman*, 124 F.3d 205, 1997 WL 527769, at *2 (7th Cir. 1997), *cert. denied*, 522 U.S. 1096 (1998) (citing *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (Posner, J., concurring), *cert. denied*, 502 U.S. 1035 (1992)); *accord Broderick*, 225 F.3d at 448.

Here, Plaintiffs, two private citizens and a private company, lack the authority to prosecute claims under 18 U.S.C. § 245. *See Doyon*, 2008 WL 2626837, at *4 (finding no private cause of action under 18 U.S.C. § 245); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex. 1997), *appeal dism'd*, 157 F.3d 903 (5th Cir. 1998); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (stating that "there is no private right of action under [18 U.S.C. § 245]"); *see also* 18 U.S.C. § 245 ("No prosecution of any offense described in this section shall be

[10] Plaintiffs frequently refer to discrimination as a "crime" in their amended complaint.

undertaken *by the United States* except upon the certification of the Attorney General [or others in the Justice Department] that in his judgment *prosecution by the United States* is in the public interest . . . .") (emphasis added). Further, none of the federally protected activities listed in 18 U.S.C. § 245—*i.e.*, voting, serving as a juror, participating in federal programs, attending public schools—are implicated in this case. *See* 18 U.S.C. § 245(b). Accordingly, Plaintiffs' claims under 18 U.S.C. § 245 are DISMISSED.

F. Section 1983 Claims

Plaintiffs also assert that this action is brought under Section 1983 for discrimination, presumably equal protection violations.[11] The Civil Rights Act of 1871, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 65 (2009); *Inyo Cty. v. Paiute-Shoshone Indians of the Bishop Cmty.*, 538 U.S. 701, 708 (2003); *Orr v. Copeland*, 844 F.3d 484, 491-92 (5th Cir. 2015). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983; *accord Connick v. Thompson*, 563 U.S. 51, 60 (2011). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*,

[11] While Plaintiffs do not list an equal protection claim in the "Causes of Action" section of their amended complaint, they have pleaded that this action is being brought pursuant to the Equal Protection Clause of the Fourteenth Amendment. Thus, the court will presume that Plaintiffs are attempting to assert an equal protection claim.

443 U.S. 137, 144 n.3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Sepulvado v. Jindal*, 729 F.3d 413, 420 n.17 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1789 (2014).

"To state a claim under 42 U.S.C. § 1983, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854-55 (5th Cir. 2012) (en banc) (citing *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)); *accord Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 n.16 (5th Cir. 2014). A § 1983 complainant must support his claim with specific facts and may not simply rely on conclusory allegations. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir.), *cert. denied*, 562 U.S. 893 (2010); *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir.), *cert. denied*, 543 U.S. 829 (2004).

Thus, for Plaintiffs to recover, they must show that the City of Port Neches deprived them of a right guaranteed by the Constitution or the laws of the United States. *Daniels v. Williams*, 474 U.S. 327, 329-31 (1986); *Baker*, 443 U.S. at 139; *Covington Cty. Sch. Dist.*, 675 F.3d at 855. "[T]he first step in a § 1983 analysis is to identify the specific constitutional [or federal] right involved." *Oliver v. Scott*, 276 F.3d 736, 744 n.10 (5th Cir. 2002) (citing *Baker*, 443 U.S. at 140); *accord Sepulvado*, 729 F.3d at 420 n.17. "Section 1983 imposes liability for violations of rights protected by the Constitution [or federal statutory law], not for violations of duties of care arising out of tort law." *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004)

(quoting *Baker*, 443 U.S. at 146); *accord Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 n.15 (2005); *Covington Cty. Sch. Dist.*, 675 F.3d at 858.

As previously discussed, Plaintiffs have not asserted any claims against Mayor Johnson and the City Councilmembers in their individual capacities. Thus, the only remaining defendant is the City of Port Neches, a municipality. When a § 1983 suit is brought against a municipality, a plaintiff "must plead facts which show that: (1) a policy or custom existed; (2) the governmental policy makers actually or constructively knew of its existence; (3) a constitutional violation occurred; (4) and the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir. 1996); *accord Groden*, 826 F.3d at 283; *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010), *cert. denied*, 563 U.S. 935 (2011); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010). The key to recovery against a municipality under § 1983 is demonstrating a deprivation of a constitutional right inflicted pursuant to an official policy or custom. Hence, to prevail against the City of Port Neches under § 1983, Plaintiffs must demonstrate the deprivation of a constitutional right that was undertaken pursuant to an official policy or custom of the municipality. *See Connick*, 563 U.S. at 60-61; *Groden*, 826 F.3d at 283; *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010), *cert. denied*, 564 U.S. 1038 (2011).

Thus, for § 1983 liability to attach, Plaintiffs must demonstrate three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Culbertson v. Lykos,* 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 524 U.S. 820 (2001)); *accord Groden*, 826 F.3d at 283; *Zarnow*, 614 F.3d at 166. Nevertheless, at the 12(b)(6) stage,

"the specific identity of the policymaker is a legal question that need not be pled; the complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden*, 826 F.3d at 284; *Kremelberg v. Keeling*, No. 3:15-CV-3695-K-BH, 2016 WL 7744408, at *8 (N.D. Tex. Dec. 12, 2016), *adopted*, 2017 WL 131822, at *1 (N.D. Tex. Jan. 12, 2017).

Here, Plaintiffs have failed to plead adequately a constitutional deprivation resulting from an official policy or custom of the City of Port Neches. Specifically, Plaintiffs have not pleaded facts indicating the existence of any relevant, official policy or custom of the city.[12] *See, e.g.*, *Culbertson,* 790 F.3d at 628. In other words, Plaintiffs have not identified how conduct undertaken pursuant to an official policy of custom of the City of Port Neches violated their rights to equal protection under the law. *See id*. Indeed, Plaintiffs scarcely mention the city itself in their amended complaint.

Further, Plaintiffs have failed to plead the elements necessary to state an equal protection claim. *See Gibson*, 700 F.3d at 238-39; *Priester*, 354 F.3d at 424 (stating that a plaintiff "must allege and prove that he receive different treatment from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent"); *see also Clark v. Owens*, 371 F. App'x 553, 554 (5th Cir. 2010) ("[Plaintiff's] conclusory assertions that he was treated differently than other similarly situated inmates are insufficient to state an equal protection claim."); *Torch Liquidating Tr. ex rel. Bridge Assoc. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th

---

[12] Although the court is mindful that Plaintiffs are not required to identify a specific policymaker at this stage, they are required to identify an official policy or custom. *See, e.g.*, *Culbertson,* 790 F.3d at 628. Further, while the actions of a single policymaker can constitute an official policy, Plaintiffs have not pleaded such facts in this case. *See Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000), *cert. denied*, 532 U.S. 1007 (2001); *Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 527 (5th Cir. 2006).

Cir. 2009) (stating that "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief").[13] Thus, Plaintiffs have failed to plead sufficiently a § 1983 complaint against the City of Port Neches; however, Plaintiffs will be allowed the opportunity to amend their § 1983 claims. Accordingly, Plaintiffs' § 1983 claims are CONDITIONALLY DISMISSED pending an amendment by Plaintiffs.

G. Opportunity to Amend

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling); *accord Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003).

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.

*Neitzke*, 490 U.S. at 329-30.

Where, however, a claim is frivolous or the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed. *Jones v. Greninger*, 188 F.3d

[13] Although the court presumes that Plaintiffs are attempting to assert an equal protection claim, that is not entirely clear from reading Plaintiffs' amended complaint. Thus, Plaintiffs' amended complaint does not comply with the pleading requirements of Rule 8. *See* FED. R. CIV. P. 8(a)(2) (pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

322, 327 (5th Cir. 1999); *A.W. v. Humble Indep. Sch. Dist.*, 23 F. Supp. 3d 973, 1008 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015); *see Neitzke*, 490 U.S. at 327-28; *Hart*, 199 F.3d at 248 n.6. Moreover, when the plaintiff declares the sufficiency of his pleadings and makes no attempt to amend his complaint in response to the defendant's challenge pursuant to Rule 12(b)(6), dismissal is proper when the plaintiff's allegations fail to state a claim for which relief can be granted. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Sullivan v. Leor Energy, LLC*, 600 F. 3d 542, 551 n.38 (5th Cir. 2010). In addition, a plaintiff should not be granted leave to amend after being afforded repeated opportunities to do so. *Sullivan*, 600 F. 3d at 551 (leave to amend was properly denied where plaintiff was on notice of deficiencies for nine months and did not attempt to correct them); *Torch Liquidating Tr.*, 561 F.3d at 391 (finding that plaintiff had ample opportunity to cure noted defects through a prior amendment); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004) (noting that "pleading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right"); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (holding leave to amend was properly denied where the relator had previously filed two amended complaints). Furthermore, "where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend." *SB Int'l, Inc. v. Jindal*, No. 3:06-CV-1174-G, 2007 WL 2410007, at *3 (N.D. Tex. Aug. 23, 2007) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *accord Marucci Sports, L.L.C. v. Nat'l Coll. Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir.), *cert. denied*, 537 U.S. 1044 (2002) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)); *accord Marucci Sports*, 751 F.3d at 378. Federal Rule of Civil Procedure 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Marucci Sports*, 751 F.3d at 378 (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)); *Ackerson*, 589 F.3d at 208 ("[T]here is a strong presumption in favor of granting leave to amend . . . ."). A district court may, however, refuse leave to amend if the complaint as amended would be subject to dismissal. *Marucci Sports*, 751 F.3d at 378; *Ackerson*, 589 F.3d at 208; *see Yee v. Baldwin-Price*, 325 F. App'x 375, 380 (5th Cir. 2009) ("Leave to amend may be denied on the basis of futility.").

As to Plaintiffs' official capacity claims against Mayor Johnson and the City Councilmembers, Title VII claims, CSRA claims, and 18 U.S.C. § 245 claims, any potential amendment appears to be frivolous or futile. *See, e.g.*, *Marucci Sports*, 751 F.3d at 378 *Ackerson*, 589 F.3d at 208. Accordingly, those claims will be dismissed with prejudice.

The court will allow Plaintiffs to amend their § 1983 claims against the City of Port Neches because the pleading defects may be correctable. Plaintiffs shall have 10 days from the date of this order to file an amended complaint, or this case will be dismissed in its entirety, with prejudice. This will be Plaintiffs' second opportunity to amend their complaint; the court does not foresee a third.[14]

[14] If Plaintiffs file a Second Amended Complaint, Defendants should file an answer to the new complaint or, if appropriate, another motion to dismiss.

III. Conclusion

For the foregoing reasons, Plaintiffs' official capacity claims against Mayor Johnson and the City Councilmembers, Title VII claims, CSRA claims, and 18 U.S.C. § 245 claims are DISMISSED with prejudice. Plaintiffs' § 1983 claims against the City of Port Neches are CONDITIONALLY DISMISSED; however, Plaintiffs shall have 10 days from the date of this order to file an amended complaint. If Plaintiffs fail to amend their complaint, this action will be dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

SIGNED at Beaumont, Texas, this 20th day of April, 2017.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE